# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MIGUEL ANGEL CUEVAS, | No. CV 16-7858-MWF (PLA) |
| Petitioner, | **ORDER TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS** |
| v. | |
| RANDY TEWS, Warden, | |
| Respondent. | |

Miguel Angel Cuevas ("petitioner"), a federal prisoner currently confined at the Federal Correctional Institution I in Adelanto, California, proceeding without counsel, initiated this action on October 21, 2016, by filing his petition for writ of habeas corpus ("October 2016 Petition" or "Oct. 2016 Pet."), accompanied by a Memorandum of Points and Authorities ("Oct. 2016 Pet. Mem. P. & A."), and various exhibits. The October 2016 Petition challenges the legality of petitioner's November 13, 1996, conviction, pursuant to a jury trial, in criminal case number 4:95-CR-257, in the United States District Court for the Eastern District of Arkansas ("E.D. Ark. Case No. 95-CR-257"). (Oct. 2016 Pet. at 2). Petitioner was sentenced to concurrent terms of life imprisonment and 240 months of imprisonment. (Id.). Petitioner's appeal of this conviction was denied by the United States Court of Appeals for the Eighth Circuit on June 4, 1997. (Id.). On October 19, 1998, petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the

Eastern District of Arkansas, which was denied in an order entered on July 29, 1999. (Oct. 2016 Pet. at 3; see also E.D. Ark. Case No. 95-CR-257, ECF Nos. 516, 521). On April 26, 2004, petitioner filed a motion to correct or amend the pre-sentence report and for re-sentencing in the district court in the Eastern District of Arkansas. (See E.D. Ark. Case No. 95-CR-257, ECF No. 542). That motion was denied on May 28, 2004. (See E.D. Ark. Case No. 95-CR-257, ECF No. 543). The court found that the petition was a successive petition within the meaning of 28 U.S.C. § 2244(b)(2) and should have been brought initially in the Eighth Circuit Court of Appeals. (E.D. Ark. Case No. 95-CR-257, ECF No. 543). On November 4, 2004, petitioner's request for authorization to file a successive petition was denied by the Eighth Circuit. (E.D. Ark. Case No. 95-CR-257, ECF No. 546).

Petitioner has filed three previous petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court, challenging his 1996 conviction. His first petition was filed on December 3, 2004 ("2004 Petition"), in case number 04-9877-AHS-MLG ("C.D. Cal. Case No. 04-9877"). Specifically, petitioner challenged the sentences that he received on the basis of the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). (C.D. Cal. Case No. 04-9877, ECF No. 11 at 2). The Magistrate Judge assigned to that case determined that petitioner's challenge to the validity of his underlying sentences could be raised only by way of a § 2255 motion in the Eastern District of Arkansas. (C.D. Cal. Case No. 04-9877, ECF No. 11 at 4). The 2004 Petition was dismissed without prejudice for lack of jurisdiction, pursuant to the Judgment entered on August 25, 2005.[1] (C.D. Cal. Case No. CV 04-9877, ECF No. 16). Petitioner did not appeal from that Judgment.

On October 5, 2015, petitioner filed his second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court, in case number 15-7790-MWF (PLA) ("C.D. Cal. Case No. 15-

---

[1] In his Report and Recommendation, the Magistrate Judge assigned to C.D. Cal. Case Number 04-9877 informed petitioner that his claims must be raised in a § 2255 motion filed in the Eastern District of Arkansas after approval is obtained from the United States Court of Appeals for the Eighth Circuit to file a successive petition. (C.D. Cal. Case No. 04-9877, ECF No. 11 at 5).

2

7790"), also challenging his 1996 conviction ("2015 Petition" or "2015 Pet."). In his 2015 Petition, petitioner raised four grounds for relief: (1) "territorial jurisdiction never proven"; (2) "no criminal activity in the United States as defined at law"; (3) "requisite exclusive or concurrent jurisdiction never proven"; and (4) "jurisdiction can be challenged at any time." (2015 Pet. at 3-4). Finding that petitioner's claims in the 2015 Petition directly challenged the legality of his conviction, the Court again found that the claims were presumptively cognizable only in a § 2255 motion and should have been filed in the court of conviction, i.e., the United States District Court for the Eastern District of Arkansas. (C.D. Cal. Case No. 15-7790, ECF No. 5 at 3-4). Because petitioner had not shown that the "escape hatch" of § 2255 applied (see discussion below), the Court determined that the action fell under § 2255 and not § 2241 and, as was the case with the 2004 Petition, this Court lacked jurisdiction to entertain the matter. (Id.). The Court transferred the matter pursuant to 28 U.S.C. § 1631 to the sentencing court, the United States District Court for the Eastern District of Arkansas, which has jurisdiction over petitioner's § 2255 claims.

      Just over one month ago, on September 23, 2016, petitioner filed his third petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court, in case number 16-7194-MWF (PLA) ("C.D. Cal. Case No. 16-7194"), also challenging his 1996 conviction ("September 2016 Petition" or "Sept. 2016 Pet."). In his September 2016 Petition, petitioner alleged he "is actually innocent of possession with intent to distribute methamphetamine and money laundering because the government knowingly used perjured testimony which was utilized to obtain petitioner's search and arrest warrants and prejudiced the outcome of his trial." (Sept. 2016 Pet. Mem. P. & A. at 9 (capitalization omitted); see also Sept. 2016 Pet. at 3-4).[2] Once again finding that petitioner's claims in the September 2016 Petition directly challenged the legality of his conviction, the Court again found that the claims were presumptively cognizable only in a § 2255 motion and should have been filed in the court of conviction, i.e., the United States District Court for the Eastern District of Arkansas. (C.D. Cal. Case No. 16-7194, ECF No. 5 at 3-7). Because petitioner had

---

[2] For ease of reference, the Court uses the ECF-generated page numbers when referring to the 2016 Petition.

3

again not shown that the "escape hatch" of § 2255 applied (see discussion below), the Court determined that the action fell under § 2255 and not § 2241 and, as was the case with the 2004 and 2015 Petitions, this Court lacked jurisdiction to entertain the matter. (Id.). The Court transferred the matter pursuant to 28 U.S.C. § 1631 to the sentencing court, the United States District Court for the Eastern District of Arkansas, which has jurisdiction over petitioner's § 2255 claims.

In the October 2016 Petition, petitioner alleges the following: (1) his 1996 conviction was obtained in the wrong district as "[t]he government pulled [petitioner] out of his home state and where he resided at the time of his arrest based on a false charge made by a co-operating witness"; (2) he is actually innocent and has not had an unobstructed shot at presenting his case; (3) the mandatory guidelines under which he was sentenced are now advisory and he is "subject to a reduction"; and (4) prosecutorial misconduct, vindictive prosecution, selective prosecution, outrageous conduct, and malicious prosecution. (Oct. 2016 Pet. at 3-4).

As with petitioner's previous cases in this Court, because petitioner is challenging the legality of his 1996 conviction and sentence from the United States District Court for the Eastern District of Arkansas, this Court must consider as a threshold matter whether it has jurisdiction in this action. "[I]n order to determine whether jurisdiction is proper, a [federal] court must first determine whether a habeas petition is filed pursuant to [28 U.S.C.] § 2241 or § 2255 before proceeding to any other issue." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). The distinction between a habeas corpus petition under § 2241, and a motion to vacate, set aside, or correct a sentence under § 2255 directly affects whether a particular district court has jurisdiction to entertain the action. Id.

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted); Harrison v. Ollison, 519 F.3d 952, 955-56 (9th Cir. 2008). A motion under § 2255 must be brought in the sentencing court. See 28 U.S.C. § 2255. On the other hand, a habeas corpus petition under 28 U.S.C. § 2241 is the

4

appropriate vehicle by which a federal prisoner challenges the manner, location, or conditions of the execution of his sentence. Hernandez, 204 F.3d at 864. A § 2241 petition must be brought in the district in which the petitioner is in custody, which in this case is the Central District of California. Id. at 865.

It is well established that a federal prisoner may not substitute a § 2241 habeas petition for a § 2255 motion. See Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999) ("The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."). Although this Court has jurisdiction to hear a habeas corpus petition under § 2241, as petitioner is confined in the Central District of California, petitioner's claims in this action directly challenge the legality of his conviction. Thus, petitioner's claims are presumptively cognizable only in a § 2255 motion and must be filed in the court of conviction, i.e., the United States District Court for the Eastern District of Arkansas.

Section 2255, however, has an "escape hatch" or "savings clause," which provides that "[a] federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is inadequate or ineffective to test the legality of his detention." Harrison, 519 F.3d at 956 (citation and quotation marks omitted); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999); see also United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997). The "inadequate or ineffective remedy" exception that allows a § 2241 motion is "narrow," and the petitioner bears the burden of proving the exception applies. Pirro, 104 F.3d at 299; see also Charles, 180 F.3d at 756.

A motion satisfies the "escape hatch" criteria of § 2255 "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Harrison, 519 F.3d at 959 (quoting Stephens, 464 F.3d at 898 (internal quotation marks omitted)). To demonstrate "actual innocence," petitioner must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" Stephens, 464 F.3d at 898 (citation and internal quotation marks omitted). In determining whether a petitioner had an unobstructed procedural shot to pursue the claim, the Court considers: (1) "whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct

appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy v. Pontesso, 328 F.3d 1057, 1060-61 (9th Cir. 2003)).

In an effort to satisfy the provisions of this "escape hatch," petitioner states that he has "not had a fair hearing from the 8th Circuit" because the judge and the United States Attorney were biased. (Oct. 2016 Pet. Mem. P. & A. at 4). He also states that there was "no way" he "could receive a fair trial in Little Rock where a conspiracy and corruption had been going on for over 5 years." (Oct. 2016 Pet. Mem. P. & A. at 5). He also generally asserts that the accusations against him were unsubstantiated; there was "no clear and convincing evidence" that he "sold or accepted money for methamphetamine: no proof"; and there was "no true evidence, no facts, no proof, no plane tickets for all the alleged trips, no motel receipts, no car rental receipts, nothing but hearsay, fabricated 'evidence,' withholding of evidence, more or less fraud on the Court and selective prosecution, by profiling [petitioner] and putting him on trial with no members of his Hispanic ethnicity on the jury." (Oct. 2016 Pet. Mem. P. & A. at 6, 10, 11). He states that he was given a "LIFE SENTENCE based on hearsay, fabricated evidence, and perjured testimony, while 15 others who were convicted of the same alleged conspiracy under the same or similar statutes were given leniency." (Oct. 2016 Pet. Mem. P. & A. at 16). Petitioner does not allege that the law changed in any way relevant to his claims after he filed his first § 2255 motion.[3]

As was true of his September 2016 Petition, petitioner here fails to demonstrate that he has not had an unobstructed procedural shot at presenting his instant claims. To the contrary, since petitioner's trial, he has filed at least ten § 2255 motions, and/or motions that have been construed

---

[3] In support of his claim that the sentencing guidelines were improperly applied to his sentence, petitioner states that a recent Supreme Court ruling held that a sentence under the incorrect guideline range warrants resentencing. (Oct. 2016 Pet. Mem. P. & A. at 14 (citing Mathis v. United States, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016) (holding that because "the elements of Iowa's burglary law are broader than those of generic burglary, Mathis's prior convictions under that law cannot give rise to an ACCA [Armed Career Criminal Act] sentence," which imposes a 15-year mandatory minimum sentence on a defendant convicted of being a felon in possession of a firearm who also has three prior state or federal convictions "for a violent felony")). Petitioner does not explain how, nor does it appear to the Court that, the Mathis case applies to his sentencing. (Oct. 2016 Pet. Mem. P. & A. at 14-16).

as § 2255 motions, and/or motions to reduce his sentence, in the Eastern District of Arkansas. (See, e.g., E.D. Ark. Case No. 95-CR-257, ECF Nos. 516, 542, 562, 565, 568, 574, 589, 609, 621, 624). The claims he raises in the October 2016 Petition could have previously been raised -- and in all likelihood were raised -- in these motions. Finally, it is well established that a "district court's previous denial of relief on the merits is not alone sufficient to show that the section 2255 remedy is inadequate." Tripati v. Henman, 843 F.2d 1160, 1163 (9th Cir. 1988). Nor does the ban on unauthorized second or successive motions make § 2255 inadequate or ineffective. Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000); see also Ivy, 328 F.3d at 1059 ("§ 2255's remedy is not 'inadequate or ineffective' merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition.") (citation omitted).

Accordingly, because petitioner has not shown that the "escape hatch" applies, the pending action falls under § 2255 and not § 2241 and, as was the case with petitioner's 2004, 2015, and September 2016 Petitions, this Court lacks jurisdiction to entertain this matter. See Hernandez, 204 F.3d at 866 (holding that district court must make initial determination whether action is properly brought under § 2241 or § 2255 since issue determines district court's jurisdiction). Therefore, it is appropriate to transfer the matter pursuant to 28 U.S.C. § 1631 to the sentencing court, the United States District Court for the Eastern District of Arkansas, which has jurisdiction over petitioner's § 2255 claims. Id.

IT IS THEREFORE ORDERED that this action be, and it is hereby, transferred to the United States District Court for the Eastern District of Arkansas, and that the Clerk of this Court effect such transfer.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order upon petitioner.

DATED: October 26, 2016

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE